CARROLL *v.* STATE.

(Division A.  Feb. 17, 1936.)

[165 So. 813.  No. 31961.]

Will S. Wells, of Jackson, for appellant.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the state.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a conviction, for a misdemeanor, in the court of C. A. Sullivan, a justice of the peace.

The appellant challenged Sullivan's right to try him, assigning as a reason therefor that the office of the justice of the peace which he claimed to hold had been abolished, and, therefore, he was not a justice of the peace either de jure or de facto.

Section 171 of the state Constitution provides that ''A competent number of justices of the peace and constables shall be chosen in each county in the manner provided by law, for each district, who shall hold their office for the term of four years,''

Section 2069, Code 1930, provides that "There shall be five districts in each county for the election of justices of the peace, the boundaries of which shall be the same as the boundaries of the districts for the election of members of the board of supervisors, and two justices of the peace shall be elected for each district by the electors thereof, but the board of supervisors may subdivide a supervisor's district into two and not more than three districts, and cause a justice of the peace to be elected by and from each subdivision."

The board of supervisors of Hinds county divided the Fourth Supervisors' District of Hinds county, by an order on its minutes, into three districts for the election of justices of the peace, one to be elected from each district, and, at a regular election therefor, E. A. Wacaster was elected as justice of the peace from the first of these districts; Courtney Cabell from the second; and E. W. Moss from the third of these divisions, all of whom qualified and assumed the duties of their offices.

Thereafter, on May 2, 1932, the Legislature amended section 2069, Code 1930, so as to read as follows: "There shall be five districts in each county for the election of justices of the peace, the boundaries of which shall be the same as the boundaries of the districts for the election of members of the board of supervisors, and one justice of the peace shall be elected for each district by the electors thereof. Provided, however, the board of supervisors may in their discretion provide for the election of one additional justice of the peace in any district by order duly spread upon the minutes.

"Section 2. That this act shall take effect and be in force from and after its passage, but shall not affect justices of the peace already elected and qualified until after the termination and end of their present terms of office." Chapter 174, Laws 1932.

On September 4, 1934, Wacaster resigned his office, and the governor appointed C. A. Sullivan to fill the vacancy,

who qualified therefor and entered upon the discharge of its duties.

The appellant's contention is that under section 2 of chapter 174, Laws 1932, the office which Wacaster held terminated when he resigned therefrom.

The appellee's contention is that it terminated only at the expiration of the term for which Wacaster was elected.

The statute is probably somewhat ambiguous. That is, it may not be clear therefrom whether the Legislature intended to preserve the office only so long as it should be filled by the then incumbent, or whether it intended to preserve the full term thereof. But this doubt, if it really exists, is easily solved. Under the order of the board of supervisors separating the supervisors' district into three districts for the election of justices of the peace, the jurisdiction of each justice of the peace is coterminous with his own district. If the statute abolishes the office in any of these districts on the resignation of a then incumbent thereof, that district would be without a justice of the peace. Consequently, it should not be so construed unless plainly so viewed.

Affirmed.